UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SADA WANE, | ) | CASE NO. 4:09 CV 1497 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| NORTHEAST OHIO CORRECTIONAL CENTER, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On July 1, 2009, plaintiff *pro se* Sada Wane filed this 42 U.S.C. § 1983 action against the Northeast Ohio Correctional Center (NEOCC), where he is incarcerated. The complaint alleges plaintiff was unfairly disciplined for improper use of an NEOCC computer. He complains that he was punished by the disallowance of 27 days of Good Time Credit, which he seeks to have restored. For the reasons stated below, this action is dismissed.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and

U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Plaintiff is challenging the length of his incarceration because of the disallowance of Good Time Credit. When a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475 (1973).

Accordingly, this action is dismissed under 28 U.S.C. § 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: September 30, 2009

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).